IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JESSE L. KARPAVAGE

 Plaintiff

v.                 Civil No.: BPG-22-330

O.C. SEACRETS, LLC, et al.

 Defendants

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>MEMORANDUM OPINION</u>**

Currently pending before the court are plaintiff's Motion for Partial Summary Judgment as to Count I: Battery ("plaintiff's Motion") (ECF No. 44), defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment as to Count I: Battery ("defendants' Opposition") (ECF No. 49), and plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment as to Count I: Battery ("plaintiff's Reply") (ECF No. 52). The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the reasons discussed herein, plaintiff's Motion (ECF No. 44) is denied.

**I.**   **<u>BACKGROUND</u>**

In ruling on a motion for summary judgment, this court considers the facts and draws all reasonable inferences in the light most favorable to the non-moving party. <u>Scott v. Harris</u>, 550 U.S. 372, 378 (2007). On the evening of August 21, 2020, Jesse Karpavage ("plaintiff"), and his brother, Joseph Karpavage, went to the Seacrets nightclub in Ocean City, Maryland which is owned and operated by O.C. Seacrets, Inc. and O.C. Seacrets, LLC ("defendants"). (ECF No. 49 at 1). At the time plaintiff and his brother arrived at Seacrets, plaintiff's brother was "visibly highly intoxicated." (<u>Id.</u> at 1-2). While waiting in the line to enter the nightclub, a security guard

informed plaintiff's brother that he would not be granted entry because he was too intoxicated. (Id.) While walking away from the nightclub, plaintiff's brother picked up a plastic trashcan and threw it into the empty street, nearly hitting another patron waiting in line. (Id.) Plaintiff and his brother continued to walk away, while plaintiff's brother shouted at Seacrets' security staff and made profane gestures towards them. (Id. at 3). Further down the street, plaintiff's brother encountered a metal trashcan located near another group of patrons and attempted to pick it up. (Id. at 5-6). Upon seeing plaintiff's brother upend the second garbage can, the security guards ran in the direction of plaintiff and his brother, concerned that plaintiff's brother may attempt to throw the metal trashcan at the nearby patrons. (Id.) When the security guards reached plaintiff and plaintiff's brother, plaintiff "initiated physical contact between himself and Seacrets' staff by striking and grabbing Seacrets' staff." (Id. at 7). Defendant maintains that plaintiff was the first to make physical contact with Seacrets' security staff, before any security guard had physically contacted plaintiff or his brother. The security guards restrained plaintiff and his brother until law enforcement arrived. (Id. at 8).

On February 8, 2022, plaintiff filed suit against defendants in this court, asserting five counts: (I) battery (compensatory damages), (II) battery (punitive damages), (III) malicious prosecution (compensatory damages), (IV) malicious prosecution (punitive damages), and (V) negligence (respondeat superior). Plaintiff's Motion seeks partial summary judgment as to Count I – Battery. (ECF No. 44).

## II.   STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute remains "if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is properly considered "material" only if it might affect the outcome of the case under the governing law.  Id.  The party moving for summary judgment has the burden of demonstrating the absence of any genuine issue of material fact.  Fed. R. Civ. P. 56(a); Pulliam Inv. Co., Inc. v. Cameo Props., 810 F.2d 1282, 1286 (4th Cir. 1987).  On those issues for which the non-moving party will have the burden of proof, however, it is his or her responsibility to oppose the motion for summary judgment with affidavits or other admissible evidence specified in Federal Rule of Civil Procedure 56.  Fed. R. Civ. P. 56(c); Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1315-16 (4th Cir. 1993).  If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

      When reviewing a motion for summary judgment, the court does not evaluate whether the evidence favors the moving or non-moving party, but considers whether a fair-minded jury could return a verdict for the non-moving party on the evidence presented.  Anderson, 477 U.S. at 252.  In undertaking this inquiry, the court views all facts and makes all reasonable inferences in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The non-moving party, however, may not rest on its pleadings, but must show that specific, material facts exist to create a genuine, triable issue.  Celotex, 477 U.S. at 324.  A "scintilla" of evidence in favor of the non-moving party, however, is insufficient to prevent an award of summary judgment.  Anderson, 477 U.S. at 252.  Further, "mere speculation" by the non-moving party or the "building of one inference upon another" cannot create a genuine issue of material fact.  Cox v. Cnty. of Prince William, 249 F.3d 295, 299-300

(4th Cir. 2001). Summary judgment should be denied only where a court concludes that a reasonable jury could find in favor of the non-moving party. Anderson, 477 U.S. at 252.

## III.   DISCUSSION

Plaintiff moves for summary judgment as to Count I of the Complaint, which alleges battery, arguing that the evidence cannot reasonably be disputed and that he has offered evidence to establish battery as a matter of law. (ECF No. 44-1 at 7). Specifically, plaintiff contends that defendants, without any legal justification, "committed an offensive and harmful contact with the plaintiff without his consent." (Id.) Defendants respond that there remain genuine issues of material fact such that summary judgment cannot be granted. (ECF No. 49 at 9). In order to prove a battery under Maryland law, plaintiff must show that defendants' employees (1) "intended a harmful or offensive contact" with plaintiff, (2) made "direct or indirect contact" with plaintiff, and (3) did so "without [plaintiff's] consent."[1] Nelson v. Carroll, 735 A.2d 1096, 1099 (Md. 1999) (citation omitted). A plaintiff need not show specific intent to prove battery, but rather "a general intent to unlawfully invade another's physical well-being through a harmful or otherwise offensive contact or an apprehension of such a contact." Id. at 1101. Generally, "intent is a subjective element usually left for the jury's determination[.]" Id. Although the intent element of battery may be implied as a matter of law, Maryland courts have done so when presented with uncontested facts upon which "the only reasonable inference that can be drawn from the circumstances . . . is that [defendant's] actions evidence an intent to commit a battery." Nelson, 735 A.2d at 1102 (uncontested facts that defendant hit plaintiff in the head with the butt of his gun were sufficient

---

[1] Because the court's jurisdiction over this matter is based on diversity of citizenship, the court must apply Maryland law to issues of substantive law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Wells v. Liddy, 186 F.3d 505, 527-28 (4th Cir. 1999) ("As a court sitting in diversity, we have an obligation to interpret the law in accordance with the Court of Appeals of Maryland, or where the law is unclear, as it appears that the Court of Appeals would rule.").

to imply intent as a matter of law); see also Saba v. Darling, 531 A.2d 696 (Md. App. Ct. 1987) (intent to commit battery implied as a matter of law when "defendant intended to punch plaintiff in the face, but not to actually break his jaw by doing so.").

      There are genuine issues of material fact as to plaintiff's interaction with defendants which preclude summary judgment in this case.  Both parties' recitation of the facts is based on their interpretations of video surveillance footage capturing the event.  While it is undisputed that the security guards ran after plaintiff and his brother, the interaction that followed is starkly disputed.  Plaintiff claims that "two security guards sprinted up behind [p]laintiff and his brother, [and] immediately engaged in physical contact with them." (ECF No. 44-1 at 20).  Defendants contend that "it was [p]laintiff who stepped in and initiated physical contact with [d]efendants' security staff while the security staff members were appropriately intervening to prevent [p]laintiff's [b]rother from causing physical harm to other patrons and/or property damage." (ECF No. 49 at 9-10).  While plaintiff raises several legal arguments based on his interpretation of what the surveillance footage depicts, the video does not clearly support one interpretation over the other and testimony about what happened is in conflict.  The relevant portion of the surveillance footage, which the court has reviewed, spans a matter of mere seconds, and despite the multiple camera angles provided, it is difficult to discern precisely who made physical contact with whom first. (ECF No. 41-2, Exhibit 1D at 9:18:48).  In addition, the parties advance differing accounts of what transpired between plaintiff and defendants' security staff.  In sum, there are genuine disputes of material fact as to whether defendant's actions "evidence an intent to commit a battery."  Accordingly, plaintiff's Motion (ECF No. 44) is denied.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, plaintiff's Motion for Partial Summary Judgment as to Count I: Battery (ECF No. 44) is denied. A separate order will follow.


Date: July 27, 2023                                              /s/_____
                                                                 Beth P. Gesner
                                                                 Chief United States Magistrate Judge